UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
UNITED STATES OF AMERICA
                                              :    CONSENT PRELIMINARY ORDER
         - v. -                               :    OF FORFEITURE AS TO
                                              :    SPECIFIC PROPERTY
ELDRIDGE WORTHY,
                                              :    25 Cr. ___ (NRB)
              Defendant.
                                              :    25 CRIM 209
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about May 8, 2025, ELDRIDGE WORTHY (the "Defendant"),

was charged in an Information, 25 Cr. ___ (NRB) (the "Information"), with Hobbs Act Robbery,

in violation of Title 18, United States Code, Section 1951 (Count One); and firearms use, carrying,

and possession, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Count Two);

WHEREAS, the Information included a forfeiture allegation as to Count Two of

the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

924(d)(1) and Title 28, United States Code, Section 2461(c), and any and all firearms and

ammunition involved in or used in the offense charged in Count Two of the Information including

but not limited to the following specific property:

    a.  A black Keltec PF-9 9MM handgun that is defaced with no visible serial number
        recovered in the vicinity of East 174th Street between Longfellow Avenue and
        Boone Avenue in the Bronx, New York on or about December 31, 2023; and

    b.  Seven Tulammo 9MM cartridges recovered in the vicinity of East 174th Street
        between Longfellow Avenue and Boone Avenue in the Bronx, New York on or
        about December 31, 2023;

(a. and b., together, the "Specific Property);

WHEREAS, on or about May 8, 2025, the Defendant pled guilty to Count Two of

the Information, pursuant to a plea agreement with the Government, wherein the Defendant

admitted the forfeiture allegation with respect to Count Two of the Information and agreed to

forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title

28, United States Code, Section 2461(c), all right, title, and interest of the Defendant in the Specific Property;

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes firearms and ammunition involved in or used in the offense charged in Count Two of the Information; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Varun A. Gumaste, of counsel, and the Defendant and his counsel, Martin Cohen, Esq., that:

1.    As a result of the offense charged in Count Two of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant ELDRIDGE WORTHY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10.    The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York


By: _____        5/8/25
        VARUN A. GUMASTE                              DATE
        Assistant United States Attorney
        26 Federal Plaza
        New York, NY 10278
        (212) 637-1023


ELDRIDGE WORTHY


By: _____        5/9/2025
        ELDRIDGE WORTHY                              DATE


By: _____        5/8/2028
        MARTIN COHEN, ESQ.                           DATE
        Attorney for Defendant
        52 Duane Street 10th Floor
        New York, NY 10007


SO ORDERED:

_____        May 8, 2025
NAOMI REICE BUCHWALD                        DATE
UNITED STATES DISTRICT JUDGE