# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

September 16, 2025

*By ECF*

Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *United States v. Eldridge Worthy*, 25 Cr. 209 (NRB)

**ENDORSEMENT**

Application granted.

/s/ Naomi Reice Buchwald, USDJ
September 16, 2025

Dear Judge Buchwald:

I write on consent (Assistant U.S. Attorney Varun Gumaste) to respectfully request that the Court direct the Probation Office to amend paragraph 29 of the Presentence Report to reflect the dismissal of state charges against Mr. Worthy. *See* Certificate of Disposition dated September 15, 2025, attached as Exhibit A (indicating that all charges in *People v. Eldridge Worthy*, Dkt. Num. IND-70365-24/001, have been dismissed.).

The PSR is used by the Bureau of Prisons for many things, including determining a person's security level for designation, and determining whether a person can complete his sentence at a halfway house. Open charges on a PSR can thus negatively impact a person's incarceration, as well as their release from incarceration. Here, the state charges against Mr. Worthy – which were based on the same underlying conduct as the federal offense – were dismissed on September 8, 2025. *See* Ex. A. Accordingly, I respectfully request that the Court direct the Probation Office to amend paragraph 29 of the Presentence Report to reflect the dismissal of the state charges.

Respectfully submitted,

/s/

Martin S. Cohen
Ass't Federal Defender
Tel.: (646) 588-8317

Cc:     Varun Gumaste, Esq.

# Exhibit A

Certificate #: U-00002<!--partial-->

Page 1 of 2

# BRONX SUPREME CRIMINAL COURT

265 East 161st Street, Bronx, NY 10451

**NO FEE**
Non-Public Version

Court ORI: NY062015J

The People of the State of New York
vs.
**Eldridge Worthy**

**Certificate of Disposition**
Docket Number:  **IND-70365-24/001**

CJTN:  70554960R
NYSID:  04602824L

Defendant DOB: **07/19/1963**       Arrest Date: **12/31/2023**       Arraignment Date: **01/31/2024**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Bronx Supreme Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 160.15 02 BF Rob-1st:Forc Theft/Deadly Weap | BF | Dismissed, Sealed 160.50 | 09/08/2025 |
| 2 | PL 160.15 04 BF Robbery-1st:Displays Firearm | BF | Dismissed, Sealed 160.50 | 09/08/2025 |
| 3 | PL 160.05 DF Robbery-3rd | DF | Dismissed, Sealed 160.50 | 09/08/2025 |
| 4 | PL 265.03 03 CF CPW-2nd: Loaded Firearm | CF | Dismissed, Sealed 160.50 | 09/08/2025 |
| 5 | PL 265.03 01B CF CPW-2nd: Loaded Firearm | CF | Dismissed, Sealed 160.50 | 09/08/2025 |
| 6 | PL 265.01-B 01 EF Criminal Possession Firearm | EF | Dismissed, Sealed 160.50 | 09/08/2025 |
| 7 | PL 265.02 03 DF Crim Poss Weap-3rd:Deface Weap | DF | Dismissed, Sealed 160.50 | 09/08/2025 |
| 8 | PL 120.14 01 AM Menacing-2nd:Weapon | AM | Dismissed, Sealed 160.50 | 09/08/2025 |
| 9 | PL 265.02 01 DF Crim Poss Weap-3rd:Prev Conv | DF | Dismissed, Sealed 160.50 | 09/08/2025 |
| 10 | PL 265.01 01 AM Crim Poss Weap-4th:Firearm/Wep | AM | Dismissed, Sealed 160.50 | 09/08/2025 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **September 15, 2025**

**Chief Clerk/Clerk of the Court**

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal